UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

BRANDI GOODWIN

     Plaintiff,

v.                                 Case No. 1:21-CV-277

BLUECROSS BLUESHIELD OF
TENNESSEE, INC. and            **JURY DEMANDED**

     Defendant.

## DEFENDANT BLUECROSS BLUESHIELD OF TENNESSEE, INC.'S RULE 41(b) MOTION TO DISMISS OR, ALTERNATIVELY, TO RECONSIDER DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MEMORANDUM IN SUPPORT OF SAME

Defendant, BlueCross BlueShield of Tennessee, Inc. ("BCBST"), by and through the undersigned counsel of record, and pursuant to Federal Rule of Civil Procedure 41(b), respectfully moves this Court to enter an Order dismissing with prejudice all claims alleged in Plaintiff's Complaint for failure to amend her Complaint in compliance with this Court's May 9, 2022 Order. Alternatively, Defendant respectfully requests this Court reconsider Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) as Plaintiff's claims are not actionable against BCBST, a private entity, under 42 U.S.C. Section 1983. In further support, BCBST would respectfully show as follows:

## FACTUAL BACKGROUND

Plaintiff filed her *pro se* Complaint in this Court on November 12, 2021. Plaintiff served BCBST with same on March 7, 2022. In Plaintiff's Complaint, she alleges under 42 U.S.C. Section 1983 that her rights were violated as she was able to work from home and requested to work from

1

home but was denied the right to do so despite her autoimmune disorder. *See* <u>Complaint</u>, attached as **Exhibit A**. On March 29, 2022, Defendant filed its Motion to Dismiss, arguing that this action should be dismissed under Fed. R. Civ. P. 12(b)(6) because BCBST is not a public entity and thus Plaintiff cannot establish a claim under 42 U.S.C. Section 1983. On May 9, 2022, this Court issued a text Order, requiring Plaintiff to amend her Complaint within 21 days from the date of the Order to cure the deficiencies in her Complaint. *See* <u>Order</u>, attached as **Exhibit B**. As a result, Plaintiff had until on or before May 31, 2022 to amend her Complaint. In the Order, the Court warned Ms. Goodwin that her failure to amend her Complaint would result in dismissal of the action with prejudice.

The Court further required the parties to determine whether the parties consent or do not consent to a magistrate judge and provided that the deadline to complete and submit the consent/ non-consent form was May 16, 2022. Defendant attempted to communicate with Plaintiff regarding same prior to the deadline via both letter and phone but could not ascertain Plaintiff's position regarding the consent form. *See* <u>Affidavit of Emily Warwick</u>, attached as **Exhibit C**. On May 16th, Defendant filed the form stating that Defendant did not consent to the magistrate judge and informing the Court of Defendant's attempt to contact Plaintiff. To date, Ms. Goodwin has not amended her Complaint as required by the Court.

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362-63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (recognizing "the power of courts, acting on their

2

own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). "Although Rule 41(b) does not expressly provide for a *sua sponte* dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a *sua sponte* order of dismissal under Rule 41(b)." *Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) (citing *Link*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)).

In reviewing a motion for reconsideration of a motion to dismiss, the Court will use the standard for the underlying motion, namely the Rule 12(b)(6) standard. *R & J Holding Co. v. Redevelopment Auth.*, 165 F. App'x 175, 178 n.5 (3d Cir. 2006) (unpublished); cf. *Sommer v. Davis*, 317 F.3d 686, 691 (6th Cir. 2003) (using summary judgment standard when reviewing a motion for reconsideration of summary judgment). When reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998); *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994). The Court must liberally construe the complaint in favor of the party opposing the motion and determine whether the plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

## ARGUMENT

Plaintiff's action should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to amend her Complaint and thus failure to comply with this Court's May 9 text Order. Alternatively, this Court should reconsider BCBST's Motion to Dismiss Plaintiff's Complaint

3

pursuant to Federal Rule of Civil Procedure 12(b)(6) as Plaintiff's claims are not actionable against BCBST, a private entity, under 42 U.S.C. Section 1983.

### A. Plaintiff failed to timely amend her Complaint pursuant to this Court's May 9 Order.

Courts consider four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id*. (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))).

Despite this Court's clear warning to Plaintiff that her failure to amend her Complaint would result in a dismissal of her lawsuit, Plaintiff has not amended her Complaint to date. Moreover, though counsel for BCBST has attempted to communicate with Plaintiff regarding Plaintiff's lawsuit, Plaintiff has been unresponsive. *See* **Exhibit C**. Based on Plaintiff's clear unwillingness to amend her Complaint and further prosecute this matter, Plaintiff's claims should be dismissed with prejudice. Moreover, Plaintiff's failure to comply with the Court's order has prejudiced BCBST, as BCBST has been unable to participate in discovery and expeditious

litigation in this matter. Instead, BCBST has been needlessly forced to waste unnecessary time and effort by filing its previous Motion to Dismiss and the current Motion before the Court. As to the third factor, the Court notified Plaintiff in its May 9, 2022 text order that failure to timely amend her Complaint would result in dismissal of this action. Finally, alternative sanctions are not warranted, as the Court granted Plaintiff sufficient time to amend her Complaint, Plaintiff has failed to comply with the Court's clear instructions, and Plaintiff does not appear to intend on proceeding with this case. As a result, there is "a clear record of delay or contumacious conduct." *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980).

"While *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's *pro se* status prevented her from complying with the Court's Order to amend her Complaint, and her *pro se* status does not mitigate the balancing of factors under Rule 41(b). *See Hollins v. Cassidy*, No. 1:21-CV-281-RLJ-CHS, 2022 U.S. Dist. LEXIS 101483, at \*4 (E.D. Tenn. June 7, 2022). As a result of the foregoing, this Court should dismiss Plaintiff's action under Rule 41(b).

## B. Alternatively, this Court should dismiss Plaintiff's Complaint under Rule 12(b)(6) as Plaintiff's claims against BCBST are not actionable.

In deciding a motion to dismiss, the question is "not whether [the] plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) (citations and quotation marks omitted). However, bare assertions of legal conclusions are insufficient. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). The "complaint must contain either

5

direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id*. (emphasis in original).

To plead a claim under 42 U.S.C. Section 1983, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs*, 316 F.3d at 590 (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999)).

As argued in Defendant's previous Motion to Dismiss, BCBST is a private entity and Plaintiff has failed to allege any assertion to the contrary in her Complaint. Notably, Plaintiff does not assert any basis that BCBST's conduct is attributable to the state, and further fails to assert that BCBST exercised any power that is reserved for the state. *See Bey v. Terminix Int'l, L.P.*, No. 2:17-cv-02597-SHL-cgc, 2018 U.S. Dist. LEXIS 123473, at \*6 (W.D. Tenn. July 24, 2018) (dismissing Plaintiff's *pro se* Section 1983 claim, wherein Plaintiff alleged a violation of Title VII, as Defendant was a private entity and Plaintiff failed to assert any fact to the contrary). Because Plaintiff has failed to amend her Complaint to assert a proper action against BCBST, and Plaintiff's current claims against BCBST are not actionable, Defendant alternatively requests this Court dismiss Plaintiff's claims with prejudice on the merits under Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

Defendant respectfully requests that this Honorable Court enter an Order dismissing, with prejudice, all claims alleged against BCBST, entering judgment in favor of BCBST, and awarding costs to BCBST.

Dated: June 15, 2022

Respectfully submitted,

  s/Rodrick D. Holmes_____
Rodrick D. Holmes - TN BPR # 24501
Emily A. Warwick - TN BPR # 37654
REIFERS, HOLMES, & PETERS, LLC
80 Monroe Avenue, Suite 410
Memphis, TN 38103
Telephone: (901) 521-2860
Facsimile: (901) 521-2861
rholmes@rhpfirm.com
ewarwick@rhpfirm.com

*Attorneys for Defendant BlueCross
BlueShield of Tennessee, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing document has been served upon

the following via U.S. mail, postage prepaid, to Plaintiff Brandi Goodwin on this 15th day of June,

2022.

Brandi Goodwin
324 Indian Hills Drive
Dayton, TN 37321

*Plaintiff*

                                                     _s/Rodrick D. Holmes _____
                                                          Rodrick D. Holmes

7